United States District Court
Northern District of Illinios
Eastern Division...

Eddie Myles (A-71068)
Plaintiff
VS.
Nedra Chandler "Warden"
at Dixon Corr. Center, et al;
Defendants

Case No# _____

_____

Honorable Judge Presiding

## Attached → "EXHibits"...

Now Comes Plaintiff, Eddie Myles (A-71068), pro-Se, pursuant to (42.U.S.C. §1983), respectfully moves this "Honorable-Court" to Enter the Following attached EXHibits (#1→#2→#3→ AND #4 (A-1-Thru 4) (B-1-4) AND C-1-4). in Conjunction with Plaintiffs → "Complaint, and Memorandum of Law".

#1.) Plaintiffs Grievance NO.#13-4-49 dated 3/30/13, and the RESPONSE By "JAMES MARTENS. CCII" at Dixon Corr. Center the ABove was the "GRIEVANCE Officer". Counsel's response is not mentioned on the "GRIEVANCE".

#2.) Concerning the "ABove-GRIEVANCE"; After I received the RESPONSE from the GRIEVANCE I wrote on 3/30/13, I got a "RESPONSE" on 6/17/13.

onto the Next Page # 1

#2 Continued; The Chief Administrative Officer signed off on this GRIEVANCE on 5/13/13. I didn't get the "RESPONSE-BACK" til 6/14/13.

#3) Having just received the Response even if I wanted to "Appeal-This" Dicision or Response, and send this "IN", I couldn't do it til 6/17/13.

#4.) The "DELAY" in my getting a Response was "Intentional", and to "Stop-ME" from doing what I've done, file a (42.U.S.C. §1983 Civil Complaint.)

#5) Having "Filed the Grievance" on 6/2/13, an "EMERGENCY-Grievance", I dropped it in the Mail Box in (Dixon Corr. Center) on 6/17/13, AND didn't get a Response-Back til 3/11/14, N/o → 3/21/14, look at Exibits 1, 2, and 3, and 4.

#6) Staff in Dixon "Intentionally→Delayed Sendeng" Sending-ME a a "Response to the Grievance I wrote on 3/30/13 knowing this "DELAY would Cate, Cause ME "Problems". And "Possibly" "Stop-ME" from filing this "Complaint."

#7.) The "Warden Herself" Signed off on the Response to Grievance I wrote on 3/30/13 → On 5/13/13 I did Not get the "Response" Back til → 6/####3-6/14/3. Why?

#8.) After "I got this Response" on 6/14/13, a "Friday Evening", I dropped an EMERGENCY-Grievance on 6/17/13.

#9.) I got a Response Back On 6/14/13. Why "So-Late" after the Warden herself Signed off and concurred with the Grievance officer in Dixon?

On to Next Page #2

#10). If the Chief Administrators Office "Response", is that Harden Chandler herself Signed off on the Grievance, and concurred on 5/13/13, Why did I get their "Response" get to "ME" after "30-Days"? Because this is to "Stop-ME" from doing what I'm doing, fileing a (42. U.S.C. § 1983 Complaint.)

#11). Anything to Cover "Each-others-Behines", they "Did-It".

#12.) How Could I "File An Emergency-Grievance" til I got a Response, Which I Received on 6/14/13. After the "30-Day", time allotted has "Expired or HAD."

#13) Had I Received this Response in a Timely-Manner" the "Harden, and Grievance" officer of Dixon Corr. Center", "Both-Know" → I would of Filed an Emergency-Grievance".

#14.) The Above "Did-Not" → want me to "File An Emergency-Grievance", thats why I got-their Response → "After-30-Days."

#15.) Look at these "Tickets, and the "Adjustment-Committee" Summary-Reports, Staff conspired-together, and did whatever they Could to "Cover-Each Others-Behine".

#16) The Paper work Speakes for itself...

Date March 26, 2015

Respectfully Submitted by → Eddie Myles

Page #3

① '

# State of Illinois County of
# "Affidavit..."

I Eddie Myles (A-71068), do hereby declares and affirms that the forgoing, following information within this "Affidavit" is true and Correct in Substance and in "Fact":

Plaintiff while in the "Dixon Corr. Center" when he was housed in "Unit #61", Stopped a C/o and told this C/o he needed to talk to a Lt. This C/o Asked → about what, and Plaintiff Stated I'll tell a Lt. C/o called a Lt. and Plaintiff was Sent to talk to a Lt who also worked I.A. "INTERNAL-AFFAIRS", a Lt. White, this was in "November of 2012".

Plaintiff explained to Lt. White he was being THREATENED by several Young Men in "Unit 61", and asked to be Moved. Plaintiff a few days later was Moved to "Unit 60" and assigned to cell #46. When Plaintiff went to cell #46 in Unit 60" a Young Man by the Name of Milton Shepard #K-52138 was in this cell. This Plaintiff "INTRODUCED-HIMSELF → Eddie Myles #A-71068. INMATE "SHEPARD then asked this Plaintiff, "Do you Have A Bottom-Bunk-PERMIT", and this Plaintiff Said "Yes I do, I'm 60 yrs old", SHEPARD Cut me off Stateing, I don't care how "Old-you -ARE"." SHEPARD then asked this Plaintiff to "LET HIM SEE" Plaintiffs "Bottom Bunk Permit, and I let him See it. After lookin at my "Bottom Bunk Permit" this "INMATE-SHEPARD K-52138 "Stated, if I move up Top, And Find-out," You Played ME out this Bottom Bunk, I'm gonna WHIP YOUR Old A___, I told Him, My Permit is VALID, AND I don't Have to Prove Nothin to You," and walked out the cell. I asked him if he would move his "Property → up Top" so I can get mine in? (over) →

② "Shepard K-52138" Said, give me some time, and I'll move my Stuff. I went in the Day Room, and Stayed there, 20 to 30 minutes before returning to my Cell. "Shepard #K-52138", had "Not-Moved-Nothing". I told him I'm gonna not gonna go There, I'll get a C/O to Ask you to Move Your Property up Top. He laughed, and Said, give me a few Minutes.

"Shepard #K-52138" eventually Moved his Property so I could get in, and get mine Set Up. Everyday I was Verbally Abused, and Threatened by Shepard, til I Threatened to Go to the Warden, and I.A."

On the "evening of 1-28-13" during the 3/11-Shift Inmate-Shepard → Called me to the cell, Saying, We "Need to Talk." I got up and followed him to "Our Cell #46 in Unit 60". When I entered the cell → "Shepard" pulled the "Door-Up", and "Began-Threatening-Me" about "Playing Him out the "Bottom-Bunk". He Said, I asked the C/O's on the 7/3 Shift did anyone in cell #46 have a Bottom Bunk Permit, and the C/O told Me → "No", So Your "Bottom Bunk Permit is Bogus". I Assured-Him, My Bottom-Bunk Permit Is Valid → Good." I Said, let's go "Talk to the C/O's, And have them call the "Health Care Unit"? Together "Shepard, and I" went to the C/O's. I Explained to C/O A. Daniels #2752" as best I could "what I was going thru" with "Shepard" and Why? He had the C/O (A Woman) on 1/28/13 Call the Health Care Unit, and See if "Myles" has a Valid → Bottom Bunk Permit".

She Called the H.C.U. then hung Up. She then "Asked-Me → which Unit were You In → Before You Came to "Unit 60", and I "Told-Her" → "61". She Called, and whoever She talked to told her, Myles-Original Copy of his Bottom Bunk Permit is in Our Folder, I'll have a "worker" bring it over." and She "Hung-Up." She then Turned to Me and Shepard K-52138, and Said, Mr. Myles is 60 yrs Old, And Has A Valid → Bottom Bunk Permit, Leave Him Alone about this Bottom-Bunk, or You'll end up in Seg. (over)

③

Shepard K-52138, mumbled something under his breath and walked away. This C/o, and C/o A. Daniels #2752 told me if he gives you "Any-Problems" let us "Know", and I'll call for a Lt. I "Thanked" them and walked away headed to "My-Cell." When I walked past "Inmate Shepard #K-52138" he was talking to "Another-Inmate." He looked at me, and called me an Ole-Mother-F___er, as I passed him, then Began "Swinging on ME". Hitting ME about my "Head, and Face". Though "Dizzy" from his 4or5-Blows, I grabbed Shepard, this Inmate, and we both hit the "Ground". Several guys "witnessed" this "Attack" and→ Inmates → Moore in cell #5, AND Inmate → Rhodes in cell #7 told T.A. "Shepard→ Swung on ME First." Once we hit the ground, I began to get the Best of Shepard, and he broke to the Dayroom. "I was going to tell the C/o's in the Bubble what "Happen". Again "Shepard-Swung on ME, I fought Back," eventually C/o A. Daniels #2752 looked up and saw ME swing on Shepard, this C/o came to the Dayroom and told me to -Back-up, to Stop, and I Sat-Down.

Lt., and other C/o's arrived, and I was "Immediately -Cuffed" and escorted out to a "Van", and taken to the "Segregation-Unit." I asked to go to the "Health Care Unit" but was Denied. I found out from one of the "Seg-Workers" who was Housed in "Unit 60", that "Shepard #K-52138" Spent a "Night in the Health Care Unit, then went Back to "Unit 60" in the Same-Cell, and "Moved to the Bottom-Bunk."

I received a Ticket for Assault, and Threates AND Intimidation, and was even Scheduled to be Shipped-Transfered. I Sat in "Seg. 7-Days" before this Inmate→was finally "Lock-up in Segregation". But for Inmate-Shepard → walking Around in "General-Population" talking About→ "Pressing-Charges on ME, and "Sueing" → the Warden, Lt.'s C/o's and others he would of never been "Locked-up." Shepard → Continued to go to work in the Industry, go to the yard, Gym, and Chow, as I Sat in Segregation. On the 7th Day after I was in Seg; C/o Thompson Head of T.A. "Came to Seg to Talk to me. He → Began by "Apologizeing to ME" for "not lockin Us both Up in Seg. (over)

④

Eventually Shepard and this "Other Inmate" engaged in a "Fist-Fighting", and Both→"Given 20-Days IN Segregation". While in Seg, Seg workers kept telling me to watch myself because Shepard was on the opposite Side of Seg. telling guy he was gonna F--K me Up, that he'd be Right-Back in Seg for Beating my "A--". I wrote "C/O Thompson", talked to the C/O's working the Segregation Unit, and even wrote the "WARDEN".

I stopped taken my MED's when I got out of Seg cause I did'nt want to bump into "SHEPARD", and be "DRUGGED-UP", then "BEAT-UP by Him". I Talked to Dr. "Nielson", and Dr Vickroy, both about the ABove, this Inmate Threatening Me. Dr. Nielson asked if I talked to Anyone about this "Inmate-Threatening Me", and I told him I wrote "C/O Thompson in I.A.", the "WARDEN", talked to Lt's, C/O and he's Still Threatening-Me. Dr. Nielson told me, I'm gonna talk to Someone before I leave Today - this was on 3/26/13.

On 3/28/13 while on the Yard, Inmate-"Shepard #K-52138" followed thru on this "THREATS". As I Sat with 3 other Inmates, Shepard #K-52138 walked Up on Us, and Attacked, AND Assaulted Me 'A-2ND Time. This Time "On the Yard" in front of at least "60 to 70-Inmates". This happen on the 7/3 Shift. On that Evening 3/28/13 I asked "C/O ALANO" who was working Bldg.118 to Call a Lt, That I needed "Medical-Attention."

Lt.CRAFT, and C/O Grigiel Showed Up. This Lt. Caft is the Same Lt. who Showed up during the 1st Attack, and Assault by "Inmate-SHepard", and "Immediately Cuffed ME", AND Took ME To Segregation".

I told him "Inmate SHepard→Attacked, AND Assaulted-ME on the"Yard". Lt, told me, because of what I told-Him, I'm gonna be walked to "Segregation", and put under "Investigation". I went from the Hospital, to Seg, and later "Got A Ticket" Stateing, I WAS "Fighting on the Yard" with "SHepard". I Never told Lt. Craft I, was in a "Fight', I told -Him'→ "SHepard→Attacked, AND Assaulted-ME on the Yard". He Wrote up the Ticket like he did to Cover the C/O's in those Towers, and the C/O's who were Assigned to Work the Yard on 3/28/13 →"WHO SAW→Nothing". I "Reported being Attacked AND Assaulted", Not that I was "Fighting".

⑤

The STAFF in Dixon Corr. Center → Treated this Plaintiff's pleas for Help, like they were waiting to See how this would play out, Many of the STAFF were AWARE, and had Knowledge that this Plaintiff was being "THREATENED" by INMATE "SHEPARD." Plaintiff's 2ND Assault at the "HANDS of SHEPARD # K-52138" was the "TALK of Dixon", after it "Happen on the Yard on 3/28/13. Several INMATES even called into the "Hot-line", to let "STAFF and I.A." → Know Plaintiff had been "Attacked and Assaulted," by "INMATE - SHEPARD of SHEPARD" on the YARD.

The 8th Amendment requires "Prison - Officials to Protect - Prisoners" from "Violence at the HANDS of other Prisoners". Plaintiff was "Attacked, and Assaulted → Twice (2-Times) by the Same Prisoner".

Pursuant to 28. U.S.C. §1746, 18 U.S.C. §1621, or 735 ILCS. → 5/1-109, I declares under penalty → "PENALty of PERJURY" that Everything, EVeryThing contained in or herein is True and ACCURATE to the best of My Knowledge and belief, belief.

I do declares and affirms that the "Matter at HAND" is Not TAKEN → either frivolously or Maliciously and that I believe the foregoing Matter is taken in "Good-Faith".

Signed on this 26th Day of MARCH 2015

Eddie Myles # A71068
AFFIANT

(BACKROUND - History)

See Exhibits, #1, #2, AND #3...

This "PaperWork" Concerns Where On 1/4/12 I was Suppose to had told a C/o Moritiz that I was gonna "Kill" "My Cellie". Yet I was Only Given 15 Days in Segregation.

Mr. Thompson (I.A.), or The Warden Could of had Shepard K 52138 Locked-up For Threatening Me But They Didn't. Staff Knew He was Threatening Me, And NoBody Did Nothing Until After He "Assaulted-Me "A" Second - Time" (2-Times). Then He was Transfered.

# Exhibit's #A-1-Thru 3

*"Exhibit-A".1*

STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS

+ IDR

## ADULT AND JUVENILE DIVISIONS
## INCIDENT REPORT

Institution/Program: *Dixon Corr Center* Date and Time of Incident: *1·4·12 Apx 8:30 Am*

If the answer is yes to any of the following questions, explain in narrative below:

A. Was a Weapon Involved: YES ☐ NO ☒  B. Were Restraints/Force Used: YES ☐ NO ☒  C. Was Property Damaged: YES ☐ NO ☒

D. Have Apprehension Unit and/or Law Enforcement Agencies Been Notified: YES ☐ NO ☒  E. Were Arrests Made: YES ☐ NO ☒

F. Any Injuries/Hospitalizations: YES ☐ NO ☒  G. Were there Media Inquiries: YES ☐ NO ☒

| Inmates/Staff Involved: | | | | Witnesses to Incident: | |
|---|---|---|---|---|---|
| Name | I.D.# | Offense | Commitment Date | Name | I.D.# |
| C/O *Moritz* | | | | | |
| *Myles* | *A71068* | | | | |
| *Sgt. Oltmans* | *8168* | | | | |

Statement of Facts: (NARRATIVE) *On the above date Apx time of 830A*
*This c/o was working in B3d 118. I/m*
*Myles-A71068 was walking into the prayer*
*Room. This c/o Asked I/m Myles "How's it*
*going with your cell mates!" I/m myles said*
*"Thing's are going from Bad to worse, I swear*
*God As my Witness if he puts his hands*
*on me I will kill him!" in A loud upset voice.*
*Sgt. Oltmans was notified. I/m I.D. by state ID.*

*P-16-8 6663 . 10 — A*

C/O *Moritz 8145*   *1·4·12 Apx 830A*                               *1-4-12*

Reporting Employee    Date/Time    Person Calling in Report    Person Accepting Report    Date/Time

Administrative Assessment: _____

Chief Administrative Officer _____ Date/Time _____

Distribution:   Director
                Deputy Director of Appropriate Division       Legal Services (only if restraints/force used)
                Deputy Director of Bureau of Inspections and Audits    File

DC 434 (4/83)
IL 426-0410

EXHIBIT-A-#1
(Continued)

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Offender Disciplinary Report

Dixon C.C.
Facility                                    Date: 1.4.12

**Type of Report:**
☑ Disciplinary   ☐ Investigative

Offender Name: EDDIE Myles                 ID #: A 71068

Observation Date: 1.4.12  Approximate Time: 830 ☑ a.m. ☐ p.m.  Location: Bld 118

**Offense(s) DR 504:** 206, INTImidation, or THReats

**Observation:** (NOTE: Each offense identified above must be substantiated.) ON The above date Apx Time 830 Am
This c/o was working Bld 118 prayer room. This c/o Asked I/m
myles "How's it going with your cell mate?" "I/m Myles,
said, "Things are going From Bad to worse,'I swear to God
As my witness if he puts his hands on me I will kill
him!" in A Loud upset voice. Sgt. OLLMANS was
Notified. I/m I.D. by state I.D.

**Witness(es):** NONE

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| Moritz | 8/45 | Moritz | 1.4.12 | 830 | ☑ a.m. ☐ p.m. |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

---

### Disciplinary Action:

**Shift Review:** ☑ Temporary Confinement   ☐ Investigative Status   Reasons: NATURE OF OFFENSE

MAj- DILLABOUGH 6603  [signature]                          1-4-12
Printed Name and Badge #          Shift Supervisor's Signature          Date
                                  (For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☑ Confinement reviewed by Reviewing Officer   Comment: CONCUR

☑ **Major Infraction**, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ **Minor Infraction**, submitted to Program Unit

LT. WARNER 507  [signature]                          1/4/12
Print Reviewing Officer's Name and Badge #     Reviewing Officer's Signature     Date

☑ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

C/o Kemmers 8753  [signature]                          1-4-12
Print Hearing Investigator's Name and Badge #   Hearing Investigator's Signature   Date

### Procedures Applicable to all Hearings on Investigative and Disciplinary Reports

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

### Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

I/m Rec'd Copy
☑ Check if offender refused to sign

_____          Offender's Signature                ID#

Jenkins                  5222                    c/o [signature]
Serving Employee (Print Name)    Badge #           Signature

1-4-12                   5 2⁸ ☐ a.m.
Date Served              Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____                    _____
Offender's Signature                      ID#

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

 *Exhibit-A" - 8 #2 (Continued)*

**Name:** MYLES, EDDIE      **IDOC Number:** A71068      **Race:** BLK

**Hearing Date/Time:** 1/6/2012  10:07 AM      **Living Unit:** DIX-MS-MS-22      **Orientation Status:** N/A

**Incident Number:** 201200105/1 - DIX      **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 1/4/2012 | 201200105/1-DIX | MORITZ, W | BUILDING 118 | 08:30 AM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 206 | Intimidation Or Threats | Guilty |
| | *Comments:threatened to kill cellmate* | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|------------|--------------|----------------|

**No Witness Requested**

## RECORD OF PROCEEDINGS
Ticket read. Inmate states he and his cellmate were having problems. States he told the officer that if his cellmate put his hands on him, he was going to "do what he had to do." States he did not threaten to kill his cellmate.

## BASIS FOR DECISION
Based on evidence in the ticket that the inmate told staff, "things are going from bad to worse, I swear to God as my witness, if he puts his hands on me I will kill him" when asked about his cellmate; the inmate's partial admission of guilt; and reporting staff's positive identification of the inmate, the committee finds the inmate guilty.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| 15 Days  Segregation | 15 Days  Segregation |
| **Basis for Discipline:**nature of offense | |

### Signatures
**Hearing Committee**

| | Signature | Date | Race |
|--|-----------|------|------|
| KEMMEREN, JOANNA M  - Chair Person | | 01/06/12 | WHI |
| GEERTS, MICHELLE K | | 01/06/12 | HSP |
| Recommended Action Approved | | | |

## Final Comments: N/A

NEDRA R CHANDLER / NRC  1/9/2012         Signature      01/09/12

**Chief Administrative Officer**       **Signature**       **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

1-11-12

**Employee Serving Copy to Committed Person**       **When Served  -- Date and Time**

*(EXHibiT-A - #3)*
*(ConTinued)*

## Illinois Department of Corrections Disciplinary Tracking
### Adjustment Committee
### Working Summary

Run Date: 01/05/2012

Name: MYLES,EDDIE           IDOC # : A71068           Orientation Status: N/A

Hearing Date: 1.6.12           Living Unit: DIX/MS/MS/22

Hearing Time: 1157   AM PM           Incident/Seq#/Inst. 201200105/1-DIX

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|-----------------|----------|------|
| 1/4/2012 | 201200105/1-DIX | MORITZ, WILLIAM E | BUILDING 118 | 08:30 AM |

Witnesses:   Witness Type   Witness ID           Witness Name

| Offense | Violation | Recommended Action |
|---------|-----------|-------------------|
| 206 | Intimidation Or Threats | Guilty / Not Guilty / Delete / Reduce To: |
|  | Comments:threatened to kill cellmate | |

Record of Proceedings: _Ticket 1 Aprieso he ad his allive hang pablem_ _if my cellmate his hatofur my_ _I have done what I have to_ _did not threaten to kill his cellie_

Basis For Decision: _____

Basis for Discipline: _____

Committee Members: _____   M Groots

Committee Action:

Verbal Warning:   Y   N

Demotion To:_____Grade for_____           Segregation:_____

Assignment Change:   Y   N       Housing Change:   Y   N   Loss of GCC:_____

Restituion of $_____to:_____           Other:_____

Loss of Privilege(s):_____

( BACKROUND - HISTORY )

This is PAPER work where I was "1st Attacked", AND
Assaulted by SHepard", AND All over ME HAVING A
"Bottom Bunk-Permit..."

( This # HAPPEN in Unit #60 )

# Exhibit "S" "B-1 THRU 4"..

P.S. As a result of "ME being Attacked and Assaulted" by this
INMATE→ SHepard # K 52138, Milton SHepard.-2-Times, "My Sleep",
is Now "Moderately-Disturbed" and "Continues To Be Since →
3/28/13. I find myself "Not" being able to go to "Sleep" →
Until "My-CELLie" is "Sleep". Especially if he's younger Than-
ME".

*Exhibit-B.(1)*

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender Disciplinary Report**

Date: 1-28-13

| Type of Report: | Facility: DIXON |
|---|---|
| ☐ Disciplinary ☐ Investigative | |

Offender Name: MYLES.    ID #: M71068

Observation Date: 1-28-13    Approximate Time: 325 ☐ a.m. ☑ p.m.    Location: HU 60 S. DAYROOM

**Offense(s): DR 504:** 102: ASSAULT, 206 INTIMIDATION or THREATS

**Observation:** (NOTE: Each offense identified above must be substantiated.) ON THE ABOVE DATE AND APPROXIMATE TIME I/M MYLES M71068 WAS SEEN SWINGING A CLOSED FIST AT I/M SHEPERD K52138. AT NO TIME DID I/M SHEPERD APPEAR AGRESSIVE TOWARD I/M MYLES. I/M MYLES ALSO STATED SEVERAL TIMES TO I/M SHEPERD "I'M GOING TO KICK YOUR MOTHER-FUCKIN ASS". I/M IDD BY PHOTO ID.

Willinesses Requested - Carlos Moore N-01514 Cell #47
Geno Rhodes - M-08456 Cell #45

**Witness(es):** c/o A. DANIELS 2752

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| M. CHRISTENSEN | 7956 | | 1/29/13 | 250 ☐ a.m. ☑ p.m. |
|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |

---

### Disciplinary Action:

**Shift Review:** ☑ Temporary Confinement    ☐ Investigative Status    Reasons: Security of Institution

MAJ HUGHES 728    [signature] HUGHES    1-28-13
Printed Name and Badge #    Shift Supervisor's Signature    Date
(For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer    Comment: _____

☑ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ **Minor Infraction,** submitted to Program Unit

[signature]    [signature]    1/29/13
Print Reviewing Officer's Name and Badge #    Reviewing Officer's Signature    Date

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

_____    _____    _____
Print Hearing Investigator's Name and Badge #    Hearing Investigator's Signature    Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may request staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☑ Check if offender refused to sign    _____    _____
Offender's Signature    ID#

S/o GEORGE    8321    S/o [signature] 8321
Serving Employee (Print Name)    Badge #    Signature

1/29/13    6:03 ☐ a.m. ☑ p.m.
Date Served    Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____    _____
Offender's Signature    ID#

Administrative Review Board P.O. Box 19277
Spring Field, IL. 62794-9277

(Exhibit B Continued) (#2)

**ILLINOIS DEPARTMENT OF CORRECTIONS**

**Offender Disciplinary Report**

Date: 1-28-13

Facility: DIXON

Type of Report: ☐ Disciplinary ☐ Investigative

Offender Name: MYLES.   ID #: M71068

Observation Date: 1-28-13   Approximate Time: 325 ☐ a.m. ☒ p.m.   Location: HU 60 S. DAYROOM

Offense(s): DR 504: 102: ASSAULT, 206 INTIMIDATION OR THREATS

Observation: (NOTE: Each offense identified above must be substantiated.) ON THE ABOVE DATE AND APPROXIMATE TIME I/M MYLES A71068 WAS SEEN SWINGING A CLOSED FIST AT I/M SHEPERD K52138. AT NO TIME DID I/M SHEPERD APPEAR AGGRESSIVE TOWARD I/M MYLES. I/M MYLES ALSO STATED SEVERAL TIMES TO I/M SHEPERD "I'M GOING TO KICK YOUR MOTHER-FUCKIN ASS". I/M ID'D BY PHOTO ID

Witness(es): C/O A. DANIELS 2752.

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| M. CHRISTENSEN | 7956 | G. Christensen | 1/29/13 | 250 ☐ a.m. ☒ p.m. |
|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |

**Disciplinary Action:**

Shift Review: ☒ Temporary Confinement   ☐ Investigative Status   Reasons: Security of Institution

MAJ HUGHES 72K   [signature]   1-28-13
Print Name and Badge #   Shift Supervisor's Signature   Date
(For Transition Centers, Chief Administrative Officer)

Reviewing Officer's Decision: ☐ Confinement reviewed by Reviewing Officer   Comment:

☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ Minor Infraction, submitted to Program Unit

[signature]   [signature]   1/29/13
Print Reviewing Officer's Name and Badge #   Reviewing Officer's Signature   Date

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

_____   _____   _____
Print Hearing Investigator's Name and Badge #   Hearing Investigator's Signature   Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign

S/ GEORGE   Offender's Signature   8321   ID# [signature] 8321
Serving Employee (Print Name)   Badge #   Signature

1/29/13   6:03 ☐ a.m. ☒ p.m.
Date Served   Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____   _____
Offender's Signature   ID#

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

_____   _____   _____
Date of Disciplinary Report   Print offender's name   ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Full Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| | | | |

Witness can testify to:

| Full Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| | | | |

Witness can testify to:

Page _____ of _____
*Printed on Recycled Paper*



# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

*(Exhibit "B" Continued)*
*(#3)*

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** MYLES, EDDIE     **IDOC Number:** A71068     **Race:** BLK

**Hearing Date/Time:** 2/5/2013  09:23 AM     **Living Unit:** DIX-MS-MS-06     **Orientation Status:** N/A

**Incident Number:** 201300770/1 - DIX     **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 1/28/2013 | 201300770/1-DIX | CHRISTENSEN, M | SOUTHEAST HOUSING UNIT 60 | 03:25 PM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 102 | Assaulting Any Person - Inmate<br>Reduced to : 301<br>*Comments:Shepard K52138* | Deleted |
| 206 | Intimidation Or Threats | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status | |
|--------------|------------|--------------|----------------|---|
| Inmate | IDOC#: M08456 | RHODES, GENO | Witness Was Called | Requested By Inmate |

**Statement:** Stated Shepard and Myles were arguing in the hallway and started fighting. Stated Myles was only defending himself. Stated Shepard then ran to the dayroom.

_____
Witness Interviewer Signature     I attest to the statements as being a correct reflection of the statements provided to me by witnesses.

| | | | | |
|--------------|------------|--------------|----------------|---|
| Inmate | IDOC#: N01514 | MOORE, CARLOS | Witness Was Called | Requested By Inmate |

**Statement:** Stated Myles and Shepard were arguing, and Shepard swung on Myles. Stated Myles turned around, and they wrestled. Stated both inmates threw punches at each other, and then Shepard went to the dayroom.

_____
Witness Interviewer Signature     I attest to the statements as being a correct reflection of the statements provided to me by witnesses.

## RECORD OF PROCEEDINGS

Ticket read. Inmate stated he and Shepard were arguing about his low bunk permit. Stated he had a low bunk permit, and Shepard was mad because he wanted the low bunk. Stated Shepard told him, "I'm not going to let you play me." Stated Shepard hit him in the head, and he grabbed Shepard and they fought in the hallway. Stated when he started to get the best of Shepard, Shepard ran to the dayroom. Stated the officer did see him swing on Shepard in the dayroom, but it was a fight, not an assault. Stated he did threaten Shepard.

## BASIS FOR DECISION

Based on evidence in the ticket that Inmate Myles A71068 was observed swinging a closed fist at Inmate Shepard K52138 in HU60 dayroom and then stated, "I'm going to kick your motherfucking ass" to Inmate Shepard; the inmate's admission of guilt; and reporting staff's positive identification of Inmate Myles, the Committee finds Inmate Myles guilty of 310 and 206.

## DISCIPLINARY ACTION *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| 1 Months C Grade | 1 Months C Grade |
| 20 Days Segregation | 20 Days Segregation |
| **Basis for Discipline:**nature of offense | |

(#4)

(*Exhibit "B"-Continued*)

**STATE OF ILLINOIS**
**ADJUSTMENT CO...**
**FINAL SUMMARY REC...**

**Name:** MYLES, EDDIE

**IDOC Number:** A71068

**Hearing Date/Time:** 2/5/2013  09:23 AM

**Living Unit:** DIX-MS-MS-06

**Orientation Status...**

**Incident Number:** 201300770/1 - DIX

**Status:** Final

## Signatures
### Hearing Committee

| | | Date | Race |
|---|---|---|---|
| KEMMEREN, JOANNA M  - Chair Person | Signature | 02/05/13 | WHI |
| HERNANDEZ, JOSE A | Signature | 02/05/13 | HSP |

Recommended Action Approved

## Final Comments:
102 or the reduced charge of 301 is not substantiated as written

NEDRA R CHANDLER / NRC  2/7/2013 _____ Signature    02/07/13 Date

**Chief Administrative Officer**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

**Employee Serving Copy to Committed Person**    2·14·13    **When Served - - Date and Time**

( BACK Round - History )

This is about the "2ND ATTACK and ASSAULT" on ME" by SHEPARD. This time On the "YARD".

Had I Not→"Needed "MEDICAL - ATTENTION", AND Reported this "ATTACK, AND ASSAULT ON ME" by this PRISONER, Nothing would of be Done".

# Exhibit "C.1 THRU 4"

Again "Both ATTACKS AND ASSAULT's" were by this very Same "PRISONER→" staff in "Dixon Corr. Center"→"Knew" I was being "Threatened", and Did Nothing to stop ME from being "Attacked AND Assaulted 2-Times".

Staff "Violated My 8th Amendment" and they "Know This". Prison officials have a "Duty to Provide A Safe Tnviroment" and to "Protect-Prisoners" from "Violence at the Hands, of Other-Prisoners". Again I was,

"Attacked AND Assaulted→2-Times by the SAME-PRISONER ...

I "Could of Been Killed on the "Yard in Dixon", during the "2ND" ATTACK, AND ASSAULT."

( EXHIBIT C-1 )

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Report**

Date: 3/28/13

Dixon CC

Facility

MS

Type of Report: ☑ Disciplinary  ☐ Investigative

Offender Name: MYLES   ID #: A71068

Observation Date: 3/28/13   Approximate Time: 200  ☐ a.m. ☑ p.m.   Location: GP YARD

Offense(s) DR 504: 301: FIGHTING

**Observation:** (NOTE: Each offense identified above must be substantiated.) ON THE ABOVE DATE AND APPROX TIME I/m MYLES A71068 ADMITTED TO HAVING A PHYSICAL ALTERCATION WITH I/m SHEPARD K52138 WHILE ON THE GP YARD. I/m MYLES RECEIVED INJURIES CONSISTENT WITH AN ALTERCATION TO HIS LEFT EYE (SWELLING), A BUMP ON HIS RIGHT FOREHEAD, MINOR SWELLING TO RIGHT EYE, AND SLIGHT ABRASION ON HIS INNER LOWER LIP. I/m MYLES STATED HE ONLY TRIED TO PROTECT SELF AND THAT HE DID NOT SWING BACK. I/m SHEPARD STATED THAT THEY BOTH WERE THROWING PUNCHES AT EACH OTHER. BOTH INMATES ADMITTED TO AN ALTERCATION AND WERE I.D. BY STATE I.D.

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| Lt CRAFT | 3012 | | 3/28/13 | 150 ☐ a.m. ☐ p.m. |
|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |

**Disciplinary Action:**

**Shift Review:** ☑ Temporary Confinement   ☐ Investigative Status   Reasons: SAFE Sec C II

Printed Name and Badge #   CC3

Shift Supervisor's Signature   3-28-13
(For Transition Centers, Chief Administrative Officer)   Date

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer   Comment:

☑ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ Minor Infraction, submitted to Program Unit   3-29-13

Print Reviewing Officer's Name and Badge #   Reviewing Officer's Signature   Date

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

Print Hearing Investigator's Name and Badge #   Hearing Investigator's Signature   Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☑ Check if offender refused to sign   Jim Rec'd copy

Offender's Signature   ID#

C/O WADSWORTH   824L   950
Serving Employee (Print Name)   Badge #   Signature

3-29-13   ☑ a.m. ☐ p.m.
Date Served   Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature   ID#

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

*( Exhibit "C"-Continues )* *(#2)*

### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

**Name:** MYLES, EDDIE                 **IDOC Number:** A71068                 **Race:** BLK

**Hearing Date/Time:** 4/2/2013  09:10 AM         **Living Unit:** DIX-MS-MS-01         **Orientation Status:** N/A

**Incident Number:** 201302204/1 - DIX         **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 3/28/2013 | 201302204/1-DIX | CRAFT, JOHN M | GP YARD | 02:00 PM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 301 | Fighting | Guilty |
| | *Comments:Shepard K52138* | |

| Witness Type | Witness ID | Witness Name | Witness Status | |
|--------------|-----------|--------------|----------------|---|
| Inmate | IDOC#: A60441 | WALKER, JERRELL | Witness Was Called | Requested By Inmate |

**Statement:** Stated he saw Myles on the ground and saw Shepard punching Myles. Stated Myles didn't have a chance to hit back.

_____
Witness Interviewer Signature          I attest to the statements as being a correct reflection of the statements provided to me by witnesses.

| Inmate | IDOC#: B54027 | SCOTT, MICHAEL | Witness Was Called | Requested By Inmate |
|--------|--------------|----------------|--------------------|---|

**Statement:** Stated he was on the yard, and Shepard was challenging Myles to fight. Stated Myles stood up and told Shepard to walk away. Stated Shepard kept approaching Myles and then swung and hit Myles causing Myles to slip and fall to the ground. Stated Shepard got on top of Myles and started punching Myles. Stated Shepard stopped, got up, and walked away. Stated Myles didn't have a chance to fight back.

_____
Witness Interviewer Signature          I attest to the statements as being a correct reflection of the statements provided to me by witnesses.

### RECORD OF PROCEEDINGS
Ticket read by the Committee. Inmate stated he's not guilty. Stated he was assaulted. Stated he was sitting on a bench on the yard, and Shepard approached him twice wanting him to meet him at the yard shack. Stated he ignored Shepard, but the third time Shepard came by he told Shepard to leave him alone. Stated Shepard took off his coat, so he stood up. Stated Shepard walked up on him, and he slipped and fell. Stated Shepard got on top of him and hit him seven or eight times and then ran away. Stated he didn't get a chance to fight back.

### BASIS FOR DECISION
Based on Lt. Craft's ticket that Inmate Myles A71068 admitted to having a physical altercation with Inmate Shepard K52138 on the GP Yard after he was observed with a swollen left eye, a bump on his forehead, and an abrasion to his inner lip and that Inmate Shepard stated that both he and Inmate Myles were throwing punches at each other; the physical evidence of the injuries to Inmate Myles which are injuries consistent with being in an altercation; the incident reports written by Lt. Craft and Lt. Landwer verifying the occurrence of the incident; and Lt. Craft's positive identification of Inmate Myles by photo ID, the Committee finds Inmate Myles guilty of 301. This is Inmate Myles' 2nd ticket for being in an altercation with Inmate Shepard in the past three months.

### DISCIPLINARY ACTION   *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| 1 Months C Grade | 1 Months C Grade |
| 1 Months Segregation | 1 Months Segregation |
| Revoke GCC or SGT 1 Months | Revoke GCC or SGT 1 Months |
| Transfer (Disciplinary) | Transfer (Disciplinary) |
| **Basis for Discipline:**Seriousness of Offense | |

(Exhibit C-Continued)
(#3)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

_____ Dixon _____ Center

Offender Information:

Myles _____ _____
Last Name          First Name          MI          ID#: A71068

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| X  1-28-13 X | Rn Note: S: can I have an ace wrap for my wrist  O: c/o pain to ® wrist, Ø swelling - nom wre  A: Wrist pain | P: notin protocol  F/U sick call if swelling occurs  M/Aud |
| X  3/28/13 | RN Note: S/O/A: I/m seen 7:10pm in dispensary for contusions from alleged altercation. — | P: see injury report  (see 3) |

**MEDICAL PROGRESS NOTES**

INMATE NAME: Myles Eddie

INMATE IDOC#: A710608  LOCATION: 1  DATE 4/9/13  TIME 2pm

S: Wants low bunk renewed h/o left back  P: low bunk  X lemo

O: Pain
↳ ↑ @ door NAD
Gait steady

A: low bunk renewal

Distribution: C

DC710-1195 (EFF 07-98)
IL426-21868

Not 4/9/13 c Catr

T 9/2002
DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

_Dixon_ Center

**Offender Information:**

_Mylas_ _aaclic_ ID#: _A71068_
Last Name        First Name     MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |

Distribution: Offender's Medical Record

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

(# 4)
(Exhibit "C"-Continued)

**STATE OF ILLINOIS**
**ADJUSTMENT COMMITTEE**
**FINAL SUMMARY REPORT**

**Name:** MYLES, EDDIE

**IDOC Number:** A71068

Race: BLK

**Hearing Date/Time:** 4/2/2013   09:10 AM

**Living Unit:** DIX-MS-MS-01

**Orientation Status:** N/A

**Incident Number:** 201302204/1 - DIX

**Status:** Final

## Signatures
### Hearing Committee

| | | | |
|---|---|---|---|
| KEMMEREN, JOANNA M  - Chair Person | Signature | 04/02/13  Date | WHI  Race |
| HERNANDEZ, JOSE A | Signature | 04/02/13  Date | HSP  Race |

Recommended Action Approved

---

**Final Comments:** N/A

NEDRA R CHANDLER / NRC  4/5/2013
**Chief Administrative Officer**

Signature

04/05/13
Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

**Employee Serving Copy to Committed Person**

4. 8. 13 5₂

**When Served  - - Date and Time**

#1.) The Grievance I wrote 2-Days after I was Attacked, and Assaulted on the Yard in Dixon.

#2.) The Grievance Officers Response to My Grievance I sent in on 3/30/13 - 2-Days after I was Assaulted on the Yard.

#3.) The "Emergency-Grievance" I wrote in Response to the Grievance Officers Answer to My Grievance.

#4.) The Response to the Grievance dated 6/17/13 from the Administrative Review Board, Return of Grievance or Correspondence.

# Exhibit's "1 thru 4"

The Staff in Dixon "Intentional-Delayed" Sending "ME" the "Grievance Officers Response" to my Grievance of 3/30/13, Sopen did Not file An "Emergency-Grievance". She sent the Answer to my Grievance after the 30 Days allowed to Appeal the Grievance Officers Decision in Dixon. The Paper Work Speaks for "It-self." If You Read→Exhibits→"1 thru 4" You'll more likely than not Agree, this Delay in Sending Me a Response was Done "Intentionally."..

**ILLINOIS DEPARTMENT OF CORRECTIONS**
## OFFENDER'S GRIEVANCE

(#1)

| Date: 3/30/13 | Offender: (Please Print) Eddie Myles | ID#: A-71068 |
|---|---|---|

| Present Facility: Dixon. C.C. | Facility where grievance issue occurred: Dixon. C.C. |
|---|---|

13-4-49

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify): Ms/B.Libby

- [ ] Disciplinary Report: 3 /28 / 2013     Dixon C.C.
       Date of Report         Facility where issued

**Inmate Issues**

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification. JUN 20 2013

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    **Chief Administrative Officer,** only if EMERGENCY grievance.
    **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 3/28/13 during # 1:30 to 2:30 yard Cl was Sitting On a Bench talking to or with. Inmates; Marvin Davis #B54027, Michael Scott # B54027, and Jerrell Walker #A-60441. All of Us were Out of Unit #58. Milton Shepard Circled Myself (Myles) and Walker) 2 Times inviteing Me (Myles) to Meet Him over By The Shack. I Ignored Him. And Walker and I Continued to Sit and talk. Thats when "Davis and Scott" Came and Sat with Us at the Bench. 3 to 4 minutes later, thats when Milton Shepard "K52138 out of Unit 31" walked Over to where we were Sitting (See other side)

**Relief Requested:** That The Ticket Charging Me. Th 301: Fighting Be Dismissed AND Another Ticket Written Stateing Milton Shepard Assaulted Me, I Mean Thats What Actually "Did - Happen. I WAS Threatened Then Assaulted.

- [x] Check **only** if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| _Eddie Myles_ | A-71068 | 3/30/13 |
|---|---|---|
| Offender's Signature | ID# | Date |

**(Continue on reverse side if necessary)**

---

### Counselor's Response (if applicable)

Date Received: ___ / ___ / ___    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

| _____ | _____ | ___ / ___ / ___ |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

### EMERGENCY REVIEW

Date Received: ___ / ___ / ___    Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| _____ | ___ / ___ / ___ |
|---|---|
| Chief Administrative Officer's Signature | Date |

Printed on Recycled Paper

And Started talkin Crazy to Me, invitein Me to Fight Him. He Told Inmate Davis who was Sittin between Us to Move out the way and when Davis Moved, Shepard Walked upon "Me" (Myles) and I slipped And Fell on Some Wet Grass trying to Back-Away from "Him", Shepard got on top of Me and began to "Hit-Me", He "Hit me" "Several-Times" as I was on the "ground" and he got up and walked away. They Called Yard, I Went IN.

I decided to do the "Right Thing and Report" this. Well, I Explained All of the Above to Lt. CRAFT and He Let Me Know I Would Have to Go to Seg Til This Matter Was Investigated. I Have No Problem with This. My Problem is This: Lt. CRAFT Lied To Me. I Was Walked to Seg, and Issued a Ticket Stating I AM Charged with The offence of DR 504: -301: "Fighting" I Was Told "I Would Be put in Seg under Investigation Status", Instead My Ticket States Im in Seg For Fighting. There Was "No-Fight." I.F This Wasn't An Assault "Tell Me What Is An Assault "so I will Know." Inmate Shepard Assaulted ME And The Witnesses I Put Down Will All Tell You He Assaulted ME, So Why Does My Ticket Say, Im in Seg For Fighting?

When Im Shepard and I First got into it, Staff Here in Dixon Were Quick To: "Charge ME" With "102: Assault, and then 206 Intimidation and Threats. I Sat in Seg" "7-Days" While Shepard Walked Around Dixon Braggin About How He Was Gonna Press Charges And "Sue" The warden and Dixon For Not Protecting Him. Only After Talking To My Witnesses Was Shepard Locked up And WE Were Both IN Seg For Fighting. WHY? WHats so Special About This Guy Shepard?

I Wrote MR. Thompson Head of I.A. Letting Him Know Shepard Was Threatening ME From a Distance After getting Out of Seg, I Saw DR. Neilson (The Video Dr.) on 3/26/13. When He Asked Me "Why I Haven't Been Taking My Meds," I Told Him Shepards Been Threatening Me, And I Don't Want To Be Druged up When We See Each other And "Get-Hurt." He Asked Had I Talked To I.A. I Told Him Yes, He Told Me He Would Talk To Someone About This AND Get Back with ME, I Talked To DR. Vicroy Too.

"God Told ME to Tell You All What Happen On The "Yard" I Chose To Tell You All What Happen Rather Than "Catch A Case". Shepard Should Be Charged with "Assault" AND "Intimidation and Threats" Instead WE Are Both Charged with "Fighting". Do The Right Thing?

" THats All I AM Asking of You All"...

AgainsThere WAS "No Fight→"I" WAS Assaulted."

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report |
|---|

Date Received: <u>4-11-13</u>     Date of Review: <u>5-13-13</u>     Grievance # (optional): <u>13-4-49</u>

Offender: <u>Myles</u>     ID#: <u>A71068</u>

Nature of Grievance: 301.     FIGHTING

Fighting with another person in a manner that is not likely to cause serious bodily injury to one or the other and that does not involve the use of a weapon.

**Facts Reviewed:** Based upon the Disciplinary Report dated 3-28-13 and the Adjustment Committee Summary dated 4-2-13, this Grievance Officer is reasonably satisfied inmate committed the offense of 301 fighting with Inmate Shepard K52138. Reports indicate Inmate Myles admitted to having a physical altercation with Inmate Shepard. Inmate Myles indicates he only tried to protect himself. Inmate Shepard admits to fighting and indicates both of them were throwing punches. This Grievance Officer notes witness statements.

Inmate was provided with an Adjustment Committee Hearing and was subsequently found guilty of the charge listed above. The discipline received is within the guidelines set forth in DR 504A-Administration of Discipline.

**Recommendation:** Based upon a total review of all available information and a compliance check of procedural due process safeguards in accordance with Department Rule 504, this Grievance Officer recommends the grievance be denied.

_____     _James Martens_

James Martens, CCII
Print Grievance Officer's Name        Grievance Officer's Signature
**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

Date Received: <u>5/13/13</u>     ☑ I concur     ☐ I do not concur     ☐ Remand

Comments:

_____        _5/13/13_
Chief Administrative Officer's Signature        Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____     _____     _____
Offender's Signature        ID#        Date

Distribution: Master File; Offender        Page 1        DOC 0047 (Rev. 3/2005)

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

| Date: 3/30/13 | Offender: (Please Print) Eddie Myles | ID# A-71068 |
|---|---|---|
| Present Facility: Dixon · C.C. | Facility where grievance issue occurred: Dixon · C.C. | |

**NATURE OF GRIEVANCE:**

| | | | |
|---|---|---|---|
| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ ADA Disability Accommodation |
| ☑ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☐ HIPAA |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☐ Other (specify): 115/Disciplinary |

☐ Disciplinary Report: 3 , 28 , 2013     Dixon C.C.
Date of Report      Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 3/23/13 during 1:30 to 2:30 yard I was sitting on a Bench talking to or with Inmates: Marvin Davis #B54027, Michael Scott #B54027 and Jerrell Walker #A-60441. All of us were Out of Unit #58. Milton Shepard *Circled MySelf (Myles and Walker) 2 Times inviting Me (Myles) to Meet Him over By The Shack. I Ignored Him. And Walker and I Continued to Sit and talk. "Thats When" Davis and Scott" Came and Sat with us at the Bench. 3 to 4 Minutes later, thats when Milton Shepard "K52133 out of Unit 31" Walked Over to where we were Sitting (See other side

**Relief Requested:** That The Ticket Charging Me, th 301 Fighting Be Dismissed AND Another Ticket Written Stating Milton Shepard Assaulted Me, I MEAN Thats what Actually "Did - Happen. I was Threatened Then Assaulted.

☑ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Eddie Myles | A-71068 | 3, 30, 13 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) | | |
|---|---|---|
| Date Received: ___/___/___ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | ___/___/___ Date of Response |
|---|---|---|

| **EMERGENCY REVIEW** | | |
|---|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | ☐ Yes: expedite emergency grievance ☐ No, an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature | Date |
|---|---|

Distribution: Master File; Offender     Page 1     DOC 0046 (8/2012)

And Started talkin Crazy to Me, inviting Me to Fight Him. He Told Inmate Davis who was Sittin Between us to move out the way and when Davis Moved, Shepard walked upon "Me" (Myles) and I slipped And Fell on Some wet Grass trying to Back-Away from "Him", Shepard got on top of me and began to "Hit Me" in "My Chief Eye" "Several-Times" as I was on the Ground and he got up and walked away. They Called Yard, I went In.

I decided to do the Right Thing and Report this. Well, I explained All of the Above to Lt. CRAFT and He Let Me Know I would Have to Go to Seg Til This Matter was Investigated. I Have No Problem with This. My Problem is This; Lt. CRAFT Lied To Me, I Was walked to Seg, And Issued a Ticket Stating I AM Charged with The Offence of DR 504 - 301: Fighting, I was Told "I Would Be Put in Seg Under Investigation Status", Instead My Ticket States Im in Seg For Fighting. There was "No-Fight." IF This Wasn't An Assault, Tell Me what Is An Assault "So I will Know, Inmate Shepard Assaulted Me And The Witnesses I Put Down will All Tell you He Assaulted Me, So WHy Does My Ticket Say, Im in Seg For Fighting?

When I'm Shepard and I First got into it, Staff Here in Dixon were Quick To "Charge Me" with 102. Assault, and then 206. Intimidation and Threats. I Sat in Seg "7-Days" While Shepard Walked Around Dixon Braggin About How He was Gonna Press Charges And "Sue" The Warden And Dixon For Not Protecting Him. Only After Talking To My Witnesses was Shepard Locked Up and We Were Both In Seg For Fighting. WHY? WHats So Special About This Guy Shepard?

I Wrote Mr. Thompson Head of I.A. Letting Him Know Shepard was Threatening Me From A Distance After getting out of Seg, I Saw Dr. Neilson (The Video Dr.) on 3/26/13 When He Asked Me "Why I Haven't Been Taking My Meds," I Told Him Shepards Been Threatening Me, And I Don't want To Be Drugged up When We See Each Other And "Get-Hurt." He Asked Had I Talked To I.A. I Told Him Yes, He Told Me He Would Talk To Someone About This And Get Back with Me, I Talked To Dr. Vicroy Too.

"God Told Me to Tell You All what Happen on The Yard." I Chose To Tell You All what Happen Rather Than "Catch A Case." Shepard Should Be Charged with "Assault" And "Intimidation and Threats," Instead We Are Both Charged with "Fighting": Do The Right Thing?

" Thats All I Am Asking of You All ..."

Again There was No Fight → I was Assaulted


(#2)

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**RESPONSE TO OFFENDER'S GRIEVANCE**

Inmate Issues

| Grievance Officer's Report |
|---|

JUN 2 0 2013

Date Received: 4-11-13    Date of Review: 5-13-13    Grievance # (optional): 13-4-49

Offender: _____ Myles _____    ID#: _____ A71068 _____
Nature of Grievance: 301.    FIGHTING

Fighting with another person in a manner that is not likely to cause serious bodily injury to one or the other and that does not involve the use of a weapon.

**Facts Reviewed:** Based upon the Disciplinary Report dated 3-28-13 and the Adjustment Committee Summary dated 4-2-13, this Grievance Officer is reasonably satisfied inmate committed the offense of 301 fighting with Inmate Shepard K52138. Reports indicate Inmate Myles admitted to having a physical altercation with Inmate Shepard. Inmate Myles indicates he only tried to protect himself. Inmate Shepard admits to fighting and indicates both of them were throwing punches. This Grievance Officer notes witness statements.

Inmate was provided with an Adjustment Committee Hearing and was subsequently found guilty of the charge listed above. The discipline received is within the guidelines set forth in DR 504A-Administration of Discipline.

**Recommendation:** Based upon a total review of all available information and a compliance check of procedural due process safeguards in accordance with Department Rule 504, this Grievance Officer recommends the grievance be denied.

_____ James Martens, CCII _____    _____ (signature) _____
Print Grievance Officer's Name    Grievance Officer's Signature
**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

Date Received: 5/13/13    ☑ I concur    ☐ I do not concur    ☐ Remand
Comments:

_____ (signature) _____    5/13/13
Chief Administrative Officer's Signature    Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____ _____    _____ _____    _____ _____
Offender's Signature    ID#    Date

*Received on 6/14/13, Droped in the Mailbox at Dixon on 6/17/13.*

#3) #11, #4, #1) #5

## ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 6/17/13 | Offender: (Please Print) Eddie Myles | ID#: A-71068 |
|---|---|---|

| Present Facility: Dixon Corr. Center | Facility where grievance issue occurred: Dixon Corr. Center |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [✓] Staff Conduct
- [ ] Transfer Denial by Facility
- [✓] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [✓] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify)

**Inmate Issues**

- [✓] Disciplinary Report: 3 / 28 / 13    Dixon Corr. Center    JUN 2 0 2013
  Date of Report      Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 6/14/13, 6/14/13 I Got my RESPONSE BACK on a Grievance I wrote, up and Sent in on 3/30/13, 2-Days after I was walked to Seg. for Supposedly Fighting. Violateing Rule #301: "Fighting" with "Milton Shepard on the YARD." My Question is This: I Sat over in Seg. from 3/28/13 to 4/26/13. The Chief, Administrative Officer Signed off on this on 5/13/13. I Just Got this RESPONSE, on 6/14/13. WHY? Having Just received this "Response" even if I wanted to "Appeal This" and Send this in, I Couldn't do it til "Today" 6/17/13. Thats what I'm doing "Now." Continued on the Back→

**Relief Requested:** That "Fighting" ticket written by L.T. Craft be changed to a Ticket Stateing: I was "Assaulted" by Shepard on the YARD; That I was "NOT-Fighting" and "Didn't Have a Chance to Fight". THANK-you

- [✓] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Eddie Myles | A-71068 | 6 / 17 / 13 |
|---|---|---|
| Offender's Signature | ID# | Date |

**(Continue on reverse side if necessary)**

---

### Counselor's Response (if applicable)

| Date Received: ___ / ___ / ___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response ___ / ___ / ___ |
|---|---|---|

---

### EMERGENCY REVIEW

| Date Received: ___ / ___ / ___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

| Chief Administrative Officer's Signature | Date ___ / ___ / ___ |
|---|---|

Distribution: Master File; Offender

P.S. I'd Appreciate Your Opinion Concerning My Grievance?
Grievance #1 and #2?

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)          THANK-YOU.

I'm Asking that "Both" Shepard "K-52138" Wherever He was Transfered too be given a "Lie-Dector Test" Concerning Him Saying the "2 of Us" were "Both-Fighting on the Yard", that we were Both-Throwing-Punches? I am willing to Take One. Also I Know Shepard K-52138 Will "Refuse to Take" a "Lie-Detector Test. Why? Because He lied When asked about what I "Alledged Happen" → That "Milton-Shepard K-52138" "Assaulted-Me" on the "Yard". That I "Never threw a Punch". I asked that "2-Men-Sitting with Me" be talked to about "what-Happen" and they "were," Both-Men → Said "I Never Got a Chance To throw a Punch" at "Shepard". What any "Witnesses" Said to "I.A" Meant "Nothing," And these guys were Sitting "There with Me."

It takes "2-People to Fight," Shepard "Assaulted-Me." Then He's "Transfered." Had this been a "Fight as Alledged" → the "Warden, and Mr. Thompson" Head of I.A. would have "Signed off on "Me being Transfered too.

Had I got this Response while in Seg or before 6/14/13 I would of definitely Written this Up before "Now". My Wife Sent me Mail, 3 going on 4-weeks ago, and I just got that Mail on 6/13/13. Mail has been "Slow Getting to Us" for Awhile here in Dixon. I am not Happy at all after "Reporting that I was "Assaulted" by "Shepard" then being put in Seg then Charged with "Fighting." I was Beat Up, thrown in Seg Charged with Fighting, there was No "Fight, I was "Assaulted." Give Me and Shepard a "Lie Detector-Test" he will Refuse to Take it, because there was No "Fight" he "Assaulted-Me." "Thank-you."

P.S. → FOR SOME REASON "STAFF IN The LAW LIBRARY" Would NOT
HONOR MY ReQuest AND "Staple These 4-Sets", So PLEASE
"Staple Them FoR ME"? THANKS

This is The "Original Complaint".
AND 1-Copy

Date: 3/25/15

From: LAW LIBRARY

To: Myles

A 71068

3-A-79

P.S. → Pinckneyville went on Lock Down on 3/24/15 So, I Couldn't get pages 22 of 22 or
(Page 5 of 5 - NotARized.

~~[redacted]~~ Ask your counselor
about notary in your housing unit.

LEGAL COPIES ONLY!  Personal property slips WILL NOT be copied.

Remember to send a signed money voucher for copies.

P.S. I Could get this Proof/Certificate of Service "Notarized, but this "Package"
was dropped in the Mail on 3/26/15 at Pinckneyville Corr. Center

*United States* IN THE *District Court*
*"Northern District of Illinois," "Eastern Division"*

Eddie Myles (#A-71068)
**Plaintiff/Petitioner**

Vs.

Nedra (Warden) Chandler et.Al;
**Defendant/Respondent**

)
)
)
)
)
)
)
)

No._____

## PROOF/CERTIFICATE OF SERVICE

TO: Clerks Office → TO: Mrs. Dorothy Brown
U.S. District Court → Clerk of The U.S. District Court
219 South Dearborn St. → 219 V South Dearborn St.
Chi., Il. 60604 → Chi., Il. 60604

("(1) Original Complaint," and "3-Copies" of My 42 U.S.C. § 1983 · Complaint")

PLEASE TAKE NOTICE that on **March 26**, 20 **15**, I placed the attached or enclosed documents in the institutional mail at **Pinckney Corr. Center** Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service

DATED: **March 26, 2015**

/s/ Eddie Myles
Name: Eddie Myles
IDOC#: #A-71068
Address: Pinckneyville, Ill Corr. Center,
Pinckneyville, Il. 62274

Subscribed and sworn to before me this **26** day of **March**, 20 **15**

_____
Notary Public

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

(# 4)

Offender: _Myles_   _Eddie_   _A71068_
          Last Name    First Name      MI      ID#

Facility: _Dixon_

☑ Grievance: Facility Grievance # (if applicable) _13-4-49_ Dated: _3/30/13_ or ☐ Correspondence: Dated: _____

Received: _6,20,13_   Regarding: _IDR 3/28/13 claims_
          Date                    _assaulted by I/m Shepard_

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL  62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL  62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on ___/___/___
                                                    Date

☐ No justification provided for additional consideration.

Other (specify): _g'rv rec'd over 30 days from CAO's date_
_of  9/13/13  to here on 6/20/13._

Completed by: _____   _Sheri Benton_   _3,11,14_
              Print Name      Signature        Date